IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALTON R. AMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )   CIV-06-668-HE |
| v. | ) |
| | ) |
| ANDREA D. MILLER, | ) |
| | ) |
| Defendant. | ) |

SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se*, brings this action pursuant to 42 U.S.C. §1983 and the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff's Complaint is labeled "Complaint Against Attorney for Malpractice, Civil Rights Violations, and for Constitutional Violations" and names one defendant, Defendant Miller. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

I.  Rule 12(b)(6) Review

A district court may dismiss *sua sponte* a complaint under Fed.R.Civ.P. 12(b)(6) "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(internal quotation omitted). Accord, McKinney v.

1

Oklahoma Dep't of Human Servs., 925 F.2d 353, 365 (10th Cir. 1991).  A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. at 1109.  In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.  A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Legal Malpractice/Ineffective Assistance of Counsel

Plaintiff alleges in his Complaint that he hired Defendant Miller, a private attorney, to represent him in various post-conviction proceedings in state and federal court and that Defendant Miller did not provide effective representation.  Plaintiff seeks compensatory and punitive damages for Defendant's alleged legal malpractice and ineffective assistance of counsel.[1]  Plaintiff also seeks "injunctive relief to prevent Defendant from committing such acts, actions, and violations against anyone else similarly situated." Complaint, at 8.

---

[1] Plaintiff has alleged various state law torts, including fraud and breach of contract, in his Complaint, but all of the alleged torts are asserted within the ambit of a legal malpractice claim.

In federal criminal cases and in federal habeas corpus cases involving state prisoners, the Supreme Court has recognized that defendants have a right to effective assistance of counsel, implied in the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI; Strickland v. Washington, 466 U.S. 668, 685-686 (1984). In the context of civil actions, a constitutional right to effective assistance of counsel has been recognized only in immigration cases. See Nelson v. Boeing Co., 446 F.3d 1118, 1120 (10th Cir. 2006).

Plaintiff alleges that he is entitled to relief under 42 U.S.C. § 1983 due to Defendant's ineffective representation of him in a federal habeas proceeding and other filed or potential civil and post-conviction actions. In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a right guaranteed by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50). The "under color of law" requirement in 42 U.S.C. § 1983 "excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Id. at 50 (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982))(internal quotation omitted). Private attorneys performing traditional legal functions as counsel do not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Plaintiff has failed to allege or present any evidence showing that Defendant is a state actor. Therefore, Plaintiff has failed to state a claim for relief against Defendant in this 42 U.S.C. § 1983 action, and it would be futile to allow Plaintiff an opportunity to amend his Complaint.

III. Pendent State Tort Claims

With respect to Plaintiff's state-law-based tort claims against Defendant, the Court's pendent jurisdiction should not be exercised in this matter. Pendent jurisdiction may be exercised in the court's discretion where "the federal claim [has] substance sufficient to confer subject matter jurisdiction on the court." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725-726 (1966)  Federal law permits courts to decline supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the federal claims asserted by Plaintiff are being dismissed in initial proceedings, the Plaintiff's state-law-based tort claims should be dismissed without prejudice to a state court action. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.")(footnote omitted); Gold v. Local 7 United Food & Commercial Workers Union, 159 F.3d 1307, 1311 (10th Cir. 1998)("The proper course of conduct when declining supplemental jurisdiction ... is to dismiss the state law claims without prejudice, in order to permit them to be brought in state court.").

IV. Construing Complaint as Habeas Petition

Although Plaintiff's *pro se* pleadings are subject to generous interpretation under Haines, supra, the Court should decline to construe the Complaint as a petition for writ of habeas corpus. Taking judicial notice of the Court's own records, Plaintiff has unsuccessfully pursued habeas relief in this Court with respect to the sentences he is serving

in <u>Ames v. Franklin</u>, Case No. CIV-04-432-W, and Plaintiff's attempt to appeal that decision was dismissed by the Tenth Circuit Court of Appeals.  Additionally, the Tenth Circuit Court of Appeals has denied Plaintiff's request to file a successive federal habeas petition, in which he "sought to justify his successive petition by arguing that his first habeas counsel was ineffective...." <u>Ames v. Redman</u>, No. 06-6197 (10th Cir. filed June 19, 2006).  Moreover, construing the Complaint as a 28 U.S.C. § 2254 petition for writ of habeas corpus would be futile because such a petition would be meritless.  Plaintiff has no constitutionally-protected right to assistance of counsel, and hence no constitutionally-protected right to effective assistance of counsel, in a federal habeas or state court post-conviction proceeding.  <u>See</u> <u>Coleman v. Thompson</u>, 502 U.S. 722, 752 (1991)(finding there is no constitutional right to an attorney in state post-conviction proceedings and therefore "a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings"); <u>Clark v. Tansy</u>, 13 F.3d 1407, 1410 (10th Cir. 1993)(citing <u>Coleman</u>, <u>supra</u>).

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the 42 U.S.C. § 1983 action against Defendant be DISMISSED with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief and that the pendent state-law-based tort claims against Defendant be DISMISSED without prejudice.  Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by    November 9th   , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The Plaintiff

is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this ___20th___ day of ___October___, 2006.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE